IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| IN RE:<br><br>DAVID JAMES CLAGUE,<br><br>Debtors. | Case No.       18-60724-13<br><br>**FIRST AMENDED CHAPTER 13 PLAN<br>DATED September 25, 2018** |
|---|---|

**To Debtors**: In the following notice to creditors, you must check each box that applies.

**To Creditors**: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.

| | X | This Plan contains non-standard provisions in paragraph 11. |
|---|---|---|
| Yes | No | |
| | X | This Plan limits the amount of secured claims in paragraph 2(b) which may |
| Yes | No | result in a partial payment or no payment at all to the secured creditor. |
| | X | This Plan avoids a security interest or lien in paragraph 11. |
| Yes | No | |

1.  **FUTURE EARNINGS/INCOME.** The future earnings and other income of the Debtor(s) are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor(s) shall pay to the Trustee the sum of **$550.00** per month for month 1 (September 2018); **$780.00** per month for months 2 through 60 (October 2018 through plan completion); for a total term of **60** months, or until all of the provisions of this Plan have been completed. Plan payments shall commence within thirty (30) days following the filing of the petition. The Debtor(s) shall make payments directly to the Trustee until [his/her/their] wage deductions begin.

2.  **PAYMENTS/DISBURSEMENTS.** From the payments so received, the Trustee shall make disbursements as follows:

(a)  **Administrative Claims.** The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor(s) attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor(s) counsel estimates that total attorney fees and costs for representation of Debtor(s) (excluding the fee for filing the Debtor(s) petition) will be as follows:

| | | |
|---|---|---|
| Estimated total attorney fees: | $ 4,000.00 | * |
| Estimated total costs | + $ 200.00 | |
| Total estimated attorney fees and costs: | = $ 4,200.00 | |
| Less retainer: | - $ 1,200.00 | |

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN: $ 3,000.00

     \* If this figure differs from the Disclosure of Compensation originally filed by the Debtor(s) attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in Fed. R. Bankr. P. 2016(b).

     (b) **Impaired Secured Claims.** After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| **Name of Creditor** | **Claim Number** | **Allowed Secured Claim \*** | **Rate of %** |
|---|---|---|---|

**None.**

     [\* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

     Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

     (c) **Unimpaired Secured Claims.** The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Claim No.** | **Description of Collateral** |
|---|---|---|
| **Wells Fargo Home Mortgage** | | **House at 616 ½ 64th Street Billings, MT 59106** |

     Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Claim No.** | **Amount of Arrearage** |
|---|---|---|
| **Wells Fargo Home Mortgage** | | **$38,715.44** |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

(d) **Domestic Support Obligations.** After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| Creditor | Claim No. | Claim Amount |
|----------|-----------|--------------|
| N/A | | |

(e) **Priority Claims.** After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f) **General Unsecured Claims.** After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(g) **Liquidation Analysis.** The total amount distributed under paragraphs 2(d), (e) and (f) above will be at least $ 10.00          , which exceeds what would be available to pay unsecured claims if the Debtor(s) estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. **REJECTION OF CONTRACTS OR LEASES.** The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| Type of Agreement | Date of Agreement | Other Party to Contract |
|-------------------|-------------------|-------------------------|
| | | |

All other executory contracts and unexpired leases shall be affirmed.

4. **SURRENDER OF PROPERTY.** The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules. Upon confirmation, the stay that arose under 11 U.S.C. § 362 and 11 U.S.C. § 1301 immediately terminates without further order. The termination does not authorize actions for personal liability or property not surrendered.

| Secured Creditor | Description of Collateral |
|------------------|---------------------------|
| | |

N/A

**5. POSTPETITION SECURED DEBT:** The Debtor(s) reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

**6. REPORT OF CHANGES IN INCOME:** The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of 10% per month to the Trustee.

**7. DECLARATIONS:** Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

**8. VESTING OF PROPERTY OF THE ESTATE.** Property of the estate shall revest in the Debtor(s) upon (Check the applicable box):

☒ Plan confirmation.
☐ Closing of the case.
☐ Other: _____

**9. PREVIOUS BANKRUPTCIES, AND DISCHARGE:** (Check one)

☐ Debtor(s) is not eligible for a discharge of debts because the Debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

☒ Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

**10. INCOME TAX REFUNDS:** Debtor(s), within 14 days of filing the return, will supply the Trustee with a copy of each tax return filed during the Plan term and will (Check one):

☐ Retain any tax refunds received during the Plan term and has included them in Debtor(s) budget.

☒ Turn over to the Trustee all income tax refunds received during the plan term.

☐ Turn over to the Trustee a portion of any income tax refunds received during the Plan term as specified below.

_____
_____
_____
_____

## 11. NON STANDARD PLAN PROVISIONS.

⊠None.

If "None" is checked, the rest of Paragraph 11 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below.

**These Plan provisions will be effective only if the applicable box on Page 1 of this Plan is checked.**

_____
_____

**12. CERTIFICATION.** No changes have been made to the form required by Montana Local Bankruptcy Rules except those referenced in Paragraph 11 and the Debtor(s) is not seeking confirmation of any provision not allowed under the Federal Rules of Bankruptcy Procedure.

DATED this __25th__ day of __September__ , __2018__ .

/S/ David James Clague
_____

Debtor

/S/ Ralph W. Wilkerson
_____

Attorney for Debtor

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify under penalty of perjury that on the __25th__ day of __September__ , __2018__ , a copy of the foregoing was served by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by mail on the following parties:

See attached mailing matrix

\* The attached list will not be mailed out to creditors but will be on file with the United States Bankruptcy Court. A copy will be provided upon request.

/S/ Ralph W. Wilkerson

Ralph W. Wilkerson

Label Matrix for local noticing
0977-2
Case 18-60724-BPH
U.S. Bankruptcy Court, District of Montana
Butte
Tue Sep 25 10:48:15 MDT 2018

OFFICE OF THE U.S. TRUSTEE
US DEPT OF JUSTICE
720 PARK BLVD, STE 220
BOISE, ID 83712-7785

PRA RECEIVABLES MANAGEMENT, LLC
PO BOX 41021
NORFOLK, VA 23541-1021

U.S. Bankruptcy Court, District of MT
Room 263 Federal Building
400 North Main
Butte, MT 59701-8866

American Express
Customer Service
P.O. Box 981535
El Paso, TX 79998-1535

American Express
P.O. Box 297871
Fort Lauderdale, FL 33329-7871

American Express
P.O. Box 650448
Dallas, TX 75265-0448

CACH, LLC its successors and assigns as assi
of General Electric Capital Corporation
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Cach, LLC
4340 S. Monaco St., 2nd Floor
Denver, CO 80237-3455

Candace Phillips
616 64th Street
Billings, MT 59106-2148

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
P.O. Box 60599
City of Industry, CA 91716-0599

Chase
Correspondence Department
P.O. Box 15298
Wilmington, DE 19850-5298

Chase
P.O. Box 5253
Carol Stream, IL 60197-5253

Corporate Claims Service
One Greenwood Square
3333 Street Road, Ste. 305
Bensalem, PA 19020-2043

Global Credit Collection
5440 N. Cumberland Ave, #300
Chicago, IL 60656-1486

Global Credit Collection Corp.
P.O. Box 129
Linden, MI 48451-0129

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Lundberg and Associates, P.C.
3269 South Main Street #100
Salt Lake City, UT 84115-3773

Montana Department of Revenue
Bankruptcy Department
P.O. Box 7701
Helena, MT 59604-7701

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Sears
P.O. Box 20363
Kansas City, MO 64195-0363

Sears Credit Cards
P.O. Box 6282
Sioux Falls, SD 57117-6282

Sears Credit Cards
P.O. Box 6283
Sioux Falls, SD 57117-6283

Sears Credit Cards
P.O. Box 78051
Phoenix, AZ 85062-8051

Sears Mastercard
P.O. Box 78051
Phoenix, AZ 85062-8051

Taylor's Choice Auto Rentals
720 Central Avenue
Billings, MT 59102-5617

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

Wells Fargo Home Mortgage
P.O. Box 14411
Des Moines, IA 50306-3411

Wells Fargo Home Mortgage
P.O. Box 51120
Los Angeles, CA 90051-5420

Wells Fargo USA Holdings Inc., as Trustee
c/o Wells Fargo Bank, N.A., as Servicer
Default Document Processing
N9286-01Y
1000 Blue Gentian Road
Eagan, MN 55121-7700

ROBERT G. DRUMMOND
PO BOX 1829
GREAT FALLS, MT 59403-1829

DAVID JAMES CLAGUE
616 1/2 64TH STREET
BILLINGS, MT 59106-2148

RALPH WOOD WILKERSON
LAW OFFICE OF RALPH W WILKERSON
208 N BROADWAY, SUITE 414
BILLINGS, MT 59101-1943

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

POrtfolio Recovery Associates
120 Corporate Blvd, Ste. 100
Norfolk, VA 23502

(d)Portfolio Recovery Associates
Disputes Department
140 Corporate Blvd
Norfolk, VA 23502

(d)Portfolio Recovery Associates
P.O. Box 12914
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Wells Fargo USA Holdings, Inc., successor

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    33
Bypassed recipients     2
Total                  35